1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11   United States of America ex rel.;          Case No.  12-cv-3692-PSG (JCx)
     Manijeh Nikakhtar, M.D.,
12                                              **AMENDED STIPULATED**
                   Plaintiff,                   **QUALIFIED PROTECTIVE ORDER**
13
     v.
14
     Mission City Community Network,
15   Inc.; Nik Gupta, and Does 1 to 10,
     inclusive,
16
                   Defendant.
17

18
19
20
21
22
23
24
25
26
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

1.   PRELIMINARY INFORMATION

1.1.   PURPOSES AND LIMITATIONS

This action involves plaintiff Manijeh Nikakhtar, M.D.'s ("Plaintiff") allegations that defendants Mission City Community Network, Inc. ("MCCN") and Nik Gupta ("Gupta;" collectively, "Defendants") have violated the Federal False Claims Act, 31 U.S.C. § 3729.

MCCN is a Federally Qualified Health Clinic, or "FQHC" under 42 C.F.R. § 405.2401.  As such, MCCN is a "Covered Entity" within the meaning of 45 C.F.R. § 160.103 and is required to protect and safeguard Protected Health Information from disclosure.  In light of MCCN's status and also the nature of Plaintiff's allegations, discovery in this action is likely to involve the production of "Protected Health Information" as defined in 45 C.F.R. § 160.103.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Qualified Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e).

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it does afford from public disclosure and use extends only to the limited Protected Health Information that is protected under the privacy rules of the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 160 *et seq.*, that govern the disclosure of such information.  The parties further acknowledge that, as set forth below, any attempt to file under seal documents and/or information designated as Protected Health Information under this Order must comply with Civil Local Rule 79-5 and with any pertinent orders of the Honorable Philip S. Gutierrez and the Honorable Jacqueline Chooljian, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 2 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

1    1.2.   GOOD CAUSE STATEMENT

2        This action is likely to involve Protected Health Information that is now, or

3    previously was, entrusted to a Covered Entity, as set forth in 45 C.F.R. § 160.103

4    and which is protected from disclosure under state or federal statutes including

5    HIPAA.  The parties and any other Covered Entities that may be identified as third

6    party witnesses during the course of this action are prohibited from disclosing

7    Protected Health Information.  However, 45 C.F.R. § 164.512(e) *et seq.* provides

8    that a Covered Entity can permissibly disclose Protected Health Information in the

9    course of any judicial proceeding in response to a court order.  Accordingly, to

10   ensure that the parties have access to the Protected Health Information necessary to

11   prosecute and/or defend this action and to protect Protected Health Information at

12   issue, this protective order is justified.

13   2.    DEFINITIONS

14        2.1    Action: the above-entitled lawsuit.

15        2.2    Challenging Party:  a Party or Non-Party that challenges the

16   designation of information or items under this Order.

17        2.3    Designating Party:  a Party or Non-Party that designates information or

18   items that it produces in disclosures or in responses to discovery as "PROTECTED

19   HEALTH INFORMATION."

20        2.4    Counsel:  outside counsel of record in the Action and in-house counsel

21   of any party and support staff.

22        2.4    Covered Entity: the term "Covered Entity" shall have the same scope

23   and definition as set forth in 45 C.F.R. § 160.103.

24        2.5    "Protected Health Information" or "PHI":  the terms "Protected Health

25   Information" and "PHI" shall have the same scope and definition as the term

26   "Protected Health Information" in 45 C.F.R. § 160.103.

27        2.6    Disclosure or Discovery Material:  all items or information, regardless

28   of the medium or manner in which it is generated, stored, or maintained that are

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 3 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

produced or generated in disclosures or responses to discovery in this Action.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a party or a party's Counsel to serve as an expert witness or as a consultant in this Action.

2.8    Party: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.10   Professional Vendors: persons or entities that provide litigation support services and their employees and subcontractors.

2.11   Receiving Party: a Party that receives Disclosure or Discovery Material in this Action.

3.    SCOPE OF ORDER

All Covered Entities are hereby authorized to disclose to Counsel in the Action Protected Health Information related to adult patients of MCCN who received medical services at MCCN on or since April 27, 2006  and for which claims were submitted to Medicare for reimbursement, even if the patients were not treated by Plaintiff.

4.    DESIGNATION OF PROTECTED HEALTH INFORMATION

4.1    Except as otherwise ordered by the Court herein or by subsequent order, Disclosure or Discovery Material that qualifies as Protected Health Information must be clearly so designated before the material is disclosed or produced.

4.2    For information in documentary form, the Producing Party shall affix at a minimum, the label "PROTECTED HEALTH INFORMATION" or "PHI" to each page that contains or constitutes such information.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 4 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

4.3    A Party or Non-Party that makes original documents available for inspection, shall notify the Receiving Party which information constitutes and/or contains Protected Health Information.

4.4    The Designating Party shall identify which information, if any, contained in deposition testimony is Protected Health Information prior to the close of deposition.

## 5.   INADVERTENT FAILURE TO DESIGNATE

Upon timely correction of a failure to designate material as Protected Health Information, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING DESIGNATIONS

Any Party may challenge a designation of Protected Health Information at any time.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, 37-2, and 37-3.  Frivolous challenges and those made for an improper purpose (e.g. to harass, annoy, or to impose unnecessary expenses) may impose the Challenging Party to sanctions.  All Parties shall continue to afford the Disclosure and Discovery Material in question the level of protection to which Protected Health Information is entitled until the Court rules on the challenge.  The burden of demonstrating that the Disclosure or Discovery Material is Protected Health Information shall be on the Designating Party.

## 7.   ACCESS TO AND USE OF PROTECTED HEALTH INFORMATION

A Receiving Party may use Protected Health Information disclosed and/or produced pursuant to this Order only for prosecuting, defending, or attempting to settle this Action.  Protected Health Information may only be disclosed to the categories of persons and under the conditions described in this Order.  The Receiving Party must store any and all Protected Health Information that it receives in connection with this Action in a secure manner that ensures that access is limited to the persons authorized by this Order.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 5 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

Unless otherwise ordered by the Court, a Receiving Party may only disclose items and/or information designated as Protected Health Information or PHI to: Counsel; Experts who have agreed, in writing, to be bound by this Order by executing an acknowledgement in the form attached hereto as *Exhibit 1* (the "Acknowledgement") or an equivalent HIPAA-compliant "Business Associate" agreement; the Court and Court personnel; court reporters and their staff; Professional Vendors who have agreed, in writing, to be bound by this Order by executing the Acknowledgement or an equivalent HIPAA-compliant "Business Associate" agreement; during their deposition, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary to prosecute or defend this Action, provided that such persons agree, in writing, to be bound by this Order by executing the Acknowledgement; any mediator or settlement officer and their supporting staff in connection with settlement discussions.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED HEALTH INFORMATION</u>

If a Receiving Party discovers that, by inadvertence or otherwise, it has disclosed Protected Health Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing; use best efforts to retrieve all unauthorized copies of the Protected Health Information, inform the person to whom unauthorized disclosures were made of this Order; and request that such person agree, in writing, to be bound by this Order by executing the Acknowledgement.

9. <u>MISCELLANEOUS</u>

Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.  By stipulating to the entry of this Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 6 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

covered by this Order.

10.   <u>FILING PROTECTED HEALTH INFORMATION</u>

Any Party that seeks to file under seal any documents and/or information designated as Protected Health Information hereunder must comply with Civil Local Rule 79-5 and with any pertinent orders of the Honorable Philip S. Gutierrez and the Honorable Jacqueline Chooljian, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.  Such information may only be filed under seal pursuant to a showing of good cause and a court order authorizing the sealing of specific materials at issue.  If a Party's request to file under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

11.   <u>FINAL DISPOSITION</u>

After the final disposition in this Action, within 45 days of a written request by the Designating Party, each Receiving Party must return or destroy all designated materials, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Health Information to the Producing Party.  The Receiving Party must also submit a written certification to the Producing Party by the 45 day deadline that (1) identifies all Protected Health Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations.

///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

- 7 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

1

2   12.   <u>VIOLATIONS OF THIS ORDER</u>

3        Any violation of this Order may be punished by any and all appropriate

4   measures, including contempt proceedings and/or monetary sanctions.

5
    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
6

7   DATED:  June 1, 2015

8

9                                         /s/
                                _____
10                              Honorable Jacqueline Chooljian
                                United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/12049627.1

- 8 -

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of

_____, declare under penalty of perjury of the laws of

the United States of America that I have read in its entirety and understand the

Stipulated Qualified Protective Order (the "Order") that was issued by the United

States District Court for the Central District of California on _____

in the case entitled *United States ex rel. v. Mission City Community Network, Inc.,*

USDC Case No. 12-cv-3692-PSG (JCx).  I agree to comply with and be bound by

all terms of the Order and I understand and acknowledge that failure to do so could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Order to any person or entity except in strict compliance with this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Order, if such enforcement proceedings occur after termination of this Action.  I

hereby appoint _____, located at

_____ as my California agent for service of process

in connection with this action or any proceedings related to the Order.

Executed this _____ day of _____, 20___ at

_____, _____.


_____

Signature


_____

Printed Name

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12049627.1

AMENDED STIPULATED QUALIFIED
PROTECTIVE ORDER
12-CV-3692-PSG (JCX)